```
 1                              UNITED STATES DISTRICT COURT
                                SOUTHERN DISTRICT OF NEW YORK
 2

 3     ------------------------------------------X
                                                  :
 4     UNITED STATES OF AMERICA,                  : 19-CR-00039 (JMF-7)
                                                  :
 5                                                : July 2, 2019
                     v.                           :
 6                                                : 500 Pearl Street
       SHAO JUN GUO,                              : New York, New York
 7                                                :
                     Defendant.                   :
 8     ------------------------------------------X

 9
              TRANSCRIPT OF CRIMINAL CAUSE FOR INITIAL APPEARANCE
10                  BEFORE THE HONORABLE BARBARA C. MOSES
                         UNITED STATES MAGISTRATE JUDGE
11

12
       APPEARANCES:
13

14     For the Government:         UNITED STATES ATTORNEY
                                   BY:  ELIZABETH A. ESPINOSA, ESQ.
15                                 ASSISTANT U.S. ATTORNEY

16
       For the Defendant:          JEFFREY PATEL, ESQ.
17

18

19     Court Transcriber:          MARY GRECO
                                   TypeWrite Word Processing Service
20                                 211 N. Milton Road
                                   Saratoga Springs, New York 12866
21

22

23

24

25



       Proceedings recorded by electronic sound recording,
       transcript produced by transcription service
```

1    THE CLERK: <u>United States of America v. Kenny Liu</u>.
2 Counsel, state your name for the record.
3    MS. ESPINOSA: Good afternoon, Your Honor.
4 Elizabeth Espinosa for the Government and I'm joined at
5 counsel table by Special Agent William Bianca of the US Postal
6 Service Office of the Inspector General.
7    THE COURT: Welcome. Be seated.
8    MR. PATEL: Good afternoon, Your Honor. Jeffrey
9 Patel appearing on behalf of Mr. Liu. I'm actually not
10 appearing to be appointed. After looking at the Pretrial
11 Services report, after speaking with him, it does not appear
12 that he will qualify for appointment of counsel but I would
13 ask that you appoint me for purposes of today's proceeding so
14 that he has counsel at arraignment. And you're going to hear
15 about an agreed-upon bond to facilitate the signing of the
16 bond within the next week.
17    THE COURT: All right. Let me hold off on that for
18 a moment until I see the financial affidavit. There is a
19 financial affidavit?
20    MR. PATEL: Oh, I actually didn't have him prepare a
21 financial affidavit because --
22    THE COURT: Because you don't think he's going to
23 qualify.
24    MR. PATEL: I don't think it's going to qualify.
25    THE COURT: All right. Very well. You should

1 consider yourself then appointed just for today's proceeding.
2 You may be seated.
3     MR. PATEL: Actually, after you hear the bond maybe
4 perhaps for today and for the following week just to
5 facilitate the signing of the suretors which will be within
6 the next week.
7     THE COURT: You want to be appointed for a week?
8     MR. PATEL: Yes.
9     THE COURT: Then I'll need a financial affidavit.
10     MR. PATEL: All right. Let's just take it for today
11 and I think that'll be fine.
12     THE COURT: Why don't you sit down? We'll talk
13 about a few other things first.
14     MR. PATEL: Okay.
15     THE COURT: Mr. Liu, I am Magistrate Judge Moses. I
16 understand that you are listening to our proceeding through a
17 Cantonese interpreter. Can you understand and follow our
18 proceedings through the interpreter?
19     THE DEFENDANT: Yes.
20     THE COURT: All right. May I have the date and the
21 time of the arrest, please?
22     MS. ESPINOSA: Yes, Your Honor. The defendant was
23 arrested this morning at approximately 7:30 a.m.
24     THE COURT: Thank you.
25     Mr. Liu, the purpose of today's proceeding is to

1  advise you of certain rights that you have, to inform you of
2  the charges against you, to consider whether counsel should be
3  appointed for you, and to decide under what conditions, if
4  any, you shall be released pending trial.  I'm going to begin
5  by explaining some of your constitutional rights.
6          You have the right to remain silent.  You are not
7  required to make any statements.  Even if you've already made
8  statements to the authorities, you are not required to make
9  any further statements.  Any statements that you do make can
10 be used against you.
11         You have the right to be released either
12 conditionally or unconditionally pending trial unless I find
13 that there are no conditions that would reasonably assure your
14 presence at future court appearances and the safety of the
15 community.
16         If you are a foreign national, you have the right to
17 request that a consular officer from your country of origin be
18 notified of your arrest.  In some cases, a treaty or other
19 agreement may require the US to give that notice whether you
20 request it or not.
21         I'm just pausing here briefly for a moment because I
22 do not know whether Burma is a mandatory notification nation
23 or not.
24         MS. ESPINOSA:  Your Honor, the defendant is a
25 naturalized United States citizen.

1           THE COURT:  Right.
2           MS. ESPINOSA:  And I will confirm as to whether any
3  consular notification will still need to be made to Burma.
4           THE COURT:  The statute doesn't use the term
5  citizen, it uses the term national which sometimes means
6  something different.
7           MS. ESPINOSA:  I will confirm with the --
8           THE COURT:  So I will direct the Government to look
9  into that question and to confer with Mr. Patel or subsequent
10 counsel if we have subsequent counsel at that point.  In any
11 event, whether it is a mandatory notification or not, or even
12 whether the statute applies, Mr. Liu, you certainly may make a
13 request if you wish to have the Burmese consulate authorities
14 notified of your arrest.
15          MS. ESPINOSA:  And, Your Honor, I am advised that it
16 is not mandatory but certainly if it applies and Mr. Liu
17 requests, we'll make such notification.
18          THE COURT:  All right.  Thank you very much.
19          Mr. Liu, you have the right to be represented by an
20 attorney during all court proceedings including this one and
21 during all questioning by the authorities.  If you cannot
22 afford an attorney, I will appoint one today to represent you.
23 However, as you heard a moment ago, Mr. Patel, who is
24 assisting you today, has not asked you to fill out a financial
25 affidavit which would be required to qualify you for the

1  appointment of counsel ordinarily and has asked me to appoint
2  him only temporarily to represent you.  So let's get back to
3  that again, Mr. Patel.  I'm certainly happy to appoint you
4  orally for today's proceeding.  I'm not sure how long I can
5  keep you in that status without a financial affidavit and a
6  decision made on facts.  What would you like me to do?
7           MR. PATEL:  Just appoint me for today's proceeding.
8  What I contemplate doing for the next week in terms of my
9  involvement, it would probably be a matter of a few phone
10 calls and emails.  I was just suggesting that it be appointed
11 for the week so that when I do make those phone calls and
12 emails that I'm acting in a capacity as counsel.
13          THE COURT:  Well, I'm sure that the Assistant US
14 Attorney will not hang up on you.
15          MR. PATEL:  I would like to think that they would
16 not.
17          MS. ESPINOSA:  Certainly not, Your Honor.
18          THE COURT:  All right.  Good enough for today.
19          MR. PATEL:  Thank you.
20          THE COURT:  This matter has been referred for
21 arraignment, correct?
22          MS. ESPINOSA:  Yes, Your Honor.
23          THE COURT:  All right.  Mr. Liu, I have been given a
24 copy of the superseding indictment in your case.  The
25 superseding indictment is a document containing the formal

1  legal charges against you.  In reviewing that indictment, I
2  see that in Count 1 you are charged with conspiracy to traffic
3  in contraband cigarettes in violation of Title 18 of the
4  United States Code, Section 371.  In Count 2 you are charged
5  with trafficking in contraband cigarettes in violation of
6  Title 18 of the United States Code, Sections 2342(M)(2).  In
7  Count 3 you are charged with conspiracy to receive a bride in
8  violation of Title 18 of the United States Code Section 371.
9  And in Count 4 you are charged with receiving a bribe which
10 allow the statutory citation somehow got dropped from the
11 complaint is in fact an alleged violation of Title 18 of the
12 United States Code, Section 201(b)(2)(C).
13         Mr. Patel, have you had the opportunity to review
14 the indictment with Mr. Liu?
15         MR. PATEL:  Yes, with the assistance of the
16 interpreter I'm explained the four counts in the indictment.
17 I've summarize the allegations.  I've explained that he has a
18 right to a public reading.  He's agreed to waive that.  And
19 he's requested that I request that you enter a not guilty plea
20 on his behalf.
21         THE COURT:  I'm sorry, I didn't hear your last
22 sentence.
23         MR. PATEL:  I'm requesting that you enter a not
24 guilty plea on his behalf.
25         THE COURT:  All right.  A plea of not guilty will be

1  entered on behalf of Mr. Liu and the record shall reflect that
2  the defendant has been arraigned.
3  Let us now turn to the question of conditions of
4  release. I have been told that counsel have conferred and
5  that there is a proposed agreed upon bail package, correct?
6  MS. ESPINOSA: Yes, that's correct, Your Honor.
7  THE COURT: So tell me about that.
8  MS. ESPINOSA: So this is based off the conditions
9  in the Pretrial Services report. It would be a personal
10 recognizance bond in the amount of $100,000 cosigned by three
11 financially responsible persons with one week to meet that
12 condition; Pretrial supervision as directed; travel restricted
13 to the Southern end Eastern Districts of New York; surrender
14 all travel documents and make no new application. Your Honor,
15 I would note that the defendant reported to Pretrial Services
16 that he had a United States passport at his home. I conferred
17 with counsel and understand that he can surrender that
18 tomorrow morning.
19 And we'd add one condition that we discussed with
20 defense counsel which is no contact with co-defendants or
21 witnesses outside the presence of counsel. And the defendant
22 could be released on his own signature today with one week to
23 arrange for the cosigners.
24 THE COURT: With one day to --
25 MS. ESPINOSA: One week.

1          THE COURT:  -- turn in the passport and --
2          MS. ESPINOSA:  Oh, yes.
3          THE COURT:  -- and one week to get the co-
4 signatures, right?
5          MS. ESPINOSA:  Yes, Your Honor.  Correct.
6          THE COURT:  All right.  And you want as a condition
7 that the defendant is to have no contact with co-defendants or
8 witnesses except in the presence of counsel.  And I always
9 have a little trouble with this condition because I don't know
10 who the witnesses are and I'm not sure that he knows who the
11 witnesses are.
12         MS. ESPINOSA:  In that case, Your Honor, we are fine
13 with just saying co-defendant.
14         THE COURT:  Okay.  Anything to add or clarify, Mr.
15 Patel?
16         MR. PATEL:  No, thank you.
17         THE COURT:  All right.  Mr. Liu having reviewed the
18 file in your case and having considered the presentation just
19 made to me by counsel, I will accept the joint recommendation
20 with the modification I just discussed with the prosecutor.
21 You will be released on the following conditions.  You must
22 sign a bond in the amount of $100,000.  That bond must be
23 cosigned by three additional financially responsible person
24 acceptable to the United States Attorney's Office.  Your
25 travel will be restricted to the Southern and Eastern

Districts of New York. That includes all of New York City but does not include all of New York State. So make sure you understand where you can and cannot go. You will surrender your passport tomorrow and you will make no new application for a passport or other travel documents so long as you are subject to these terms. You will be supervised by our Pretrial Services Department as they direct. And you are not to have any contact with your co-defendants in this matter except in the presence of counsel. You may be released based on your own signature on the bond which will presumably happen this evening. You must, however, comply with the passport condition by tomorrow and comply with the remainder of the release conditions, principally the three additional cosigners by one week from today which is the 9th, July the 9th. Do you understand what I told you?

THE DEFENDANT: Yes.

THE COURT: Let me warn you, Mr. Liu, that if you were to fail to appear in court when due or if you were to violate any of the other conditions that I just explain to you, a warrant will be issued for your arrest. You and anyone who signed the bond would each be responsible for paying the full amount, that is the full $100,000. It doesn't get divided up among the cosigners. And you could be charged with a separate crime known as bail jumping. In addition, if you were to commit a new offense while you are released then in

1  addition to the sentence ordinarily prescribed for that
2  offense you will be sentenced to an additional term of
3  imprisonment which could be up to ten years if the new offense
4  is a felony, could be up to one year if the new offense is a
5  misdemeanor.  This term of imprisonment would be executed
6  after and on top of any other sentence of imprisonment is
7  completed.  Do you understand what I have said to you, sir?
8          THE DEFENDANT:  Yes.
9          THE COURT:  Ms. Espinosa, has the district judge set
10 a conference date?
11         MS. ESPINOSA:  Yes, Your Honor.  Judge Furman has
12 set a conference date of July 15th at 3 p.m.
13         THE COURT:  July 15 at 3 p.m.  And that's Judge
14 Furman with an F, not Judge Berman with a B, correct?
15         MR. PATEL:  Correct, Your Honor.
16         THE COURT:  All right.  Has time been excluded?
17         MS. ESPINOSA:  No, Your Honor.  The Government would
18 move to exclude time until July 15 to allow resolution of the
19 issue of Mr. Liu's.  Additionally, once it has been resolved
20 the Government will begin producing discovery in this case
21 which is quite voluminous and it will also provide the parties
22 with time to discuss any potential pretrial disposition.
23         THE COURT:  Mr. Patel, any objection?
24         MR. PATEL:  No.
25         THE COURT:  At the request of the Government and

```
                                                         12
 1   with no objection from the defendant, I will exclude time
 2   until July 15, 2019 and I find that extending time in this
 3   matter is necessary in the interest of justice and outweighs
 4   the interest of the public and the defendant in a speedy
 5   trial.
 6              Anything further from the Government?
 7              MS. ESPINOSA:  No.  Thank you, Your Honor.
 8              THE COURT:  Mr. Patel?
 9              MR. PATEL:  Nothing from us, thank you.
10              THE COURT:  Thank you very much, ladies and
11   gentlemen.
12              MS. ESPINOSA:  Thank you.
13                         * * * * * *
```

13

1    I certify that the foregoing is a court transcript from
2 an electronic sound recording of the proceedings in the above-
3 entitled matter.
4
5                                    *Mary Greco*
                                    _____
6                                    Mary Greco

7 Dated:  July 13, 2019